# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| J.D., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No.: 4:22-cv-67 ) ) (16th Judicial Circuit, Jackson County, |
| v. | ) Missouri – Case No. 2216-CV00309) ) |
| QRS, INC.; PSYCH CARE CONSULTANTS; and REIMBURSEMENT SOLUTIONS, INC., | ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendant QRS, Inc. ("QRS"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action pending in the Circuit Court for the Sixteenth Judicial Circuit, Jackson County, Missouri, Case No. 2216-CV00309, to the United States District Court for the Western District of Missouri.

In support of removal, QRS states the following:

**I.  General Background**

1. Plaintiff J.D. ("Plaintiff"), individually and allegedly on behalf of all others similarly situated, filed a Class Action Petition for Damages ("Petition"), styled *J.D. individually and on behalf of all others similarly situated v. QRS, Inc.; Psych Care Consultants; and Reimbursement Solutions, Inc.*, in the Circuit Court for the Sixteenth Judicial Circuit, Jackson County, Missouri, on or about January 10, 2022, which is currently pending as Case No. 2216-CV00309 (the "State Court Action").

2. QRS has not yet been served with a Summons and Petition.

3. Having not yet been served, this removal is timely filed under 28 U.S.C. § 1446(b)(1).

4. Although QRS has not yet been served, a copy of the complete file from the State Court Action, including the Petition, pleadings and orders in the State Court Action is attached as **Exhibit A**.

5. Neither QRS nor its attorneys have made any appearance in the State Court Action. No further proceedings have occurred in the State Court Action. The undersigned has attached and included the entire State Court file.

6. Plaintiff's Petition alleges that QRS (and other defendants) are responsible for damages arising out of a data incident that occurred on or about August 26, 2021.

7. Plaintiff's Petition alleges seven causes of action: (1) breach of implied contract; (2) negligence; (3) invasion of privacy by public disclosure of private facts; (4) breach of fiduciary duty of confidentiality; (5) violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.*; (6) negligent training and supervision; and (7) negligence *per se*.

**II.     All Requirements for Class Action Fairness Act Diversity Jurisdiction are Satisfied.**

8. This Court has original jurisdiction over this removed action based upon Class Action Fairness Act ("CAFA") jurisdiction pursuant to 28 U.S.C. § 1332(d).

9. CAFA grants district courts original jurisdiction over any putative class action in which: (1) there is minimal diversity amongst the parties; (2) there are more than 100 putative class members in the aggregate; and (3) the amount in controversy exceeds $5,000,000 (excluding interest and costs). *Id.*

10. These requirements are all met.

11. In fact, the Petition pleads jurisdiction under CAFA. (Pet. ¶ 13 ("This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) . . . .").)

### A. Plaintiff Alleges a "Class Action" Under CAFA

12. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

13. The Petition alleges a class action on behalf of one putative class: "All citizens who were patients or the parents/guardians of patients of Defendants since August 26, 2016 and whose PHI and/or PII was disclosed by Defendants to unauthorized third parties." (Petition ¶ 81.) Accordingly, this action is properly considered a "class action" under CAFA.

### B. Minimal Diversity of Citizenship

14. CAFA requires minimum diversity: "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

15. QRS is a Tennessee corporation and has its principal place of business in Knoxville, Tennessee. It is therefore a citizen of Tennessee. (*See* Decl. of J. Dickerson ¶ 3, attached as **Exhibit B**; *see also* Pet. ¶ 16.)

16. Plaintiff alleges in the Petition that Plaintiff is an adult residing in High Ridge, Missouri. (Petition ¶ 15). Plaintiff is therefore a citizen of Missouri.

17. Accordingly, minimal diversity is present.

### C. There are More Than 100 Putative Class Members

18. The Petition alleges "the Breach affected hundreds of thousands of Defendants' patients." (Pet. ¶ 38.)

19. Likewise, the Petition alleges "the putative Class is comprised of thousands of individuals making joinder impracticable." (Pet. ¶ 82.)

20. The 100 putative class member threshold under CAFA, therefore, is met. *See* 28 U.S.C. §1332(d)(5) (CAFA jurisdiction applies where "the number of members of all proposed plaintiff classes in the aggregate" is at least 100).

**D.  Amount in Controversy Exceeds $5,000,000**

21. Under CAFA, the amount in controversy must exceed 5 million dollars. The question "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (quoting *Bell v. Hershey Co.,* 557 F.3d 953, 959 (8th Cir. 2009)) (emphasis in original).

22. The Court may make this determination by "looking at the face of the complaint alone." *Hartis*, 694 F.3d at 946.

23. Here, Plaintiff has represented the class consists of "thousands" of individuals. (*See* Pet. ¶¶ 38, 82.)

24. Further, Plaintiff seeks attorneys' fees, (Compl. ¶¶ 12, 133, 154, p. 32), which count toward the jurisdictional minimum. *Hug v. Am. Traffic Sols., Inc.*, No. 4:14CV00138 ERW, 2014 WL 1689303, at *3 n.3 (E.D. Mo. Apr. 29, 2014) (noting that attorneys' fees "may be properly considerably by the Court." (citing *Hartis v. Chi. Title Ins. Co.,* 656 F.3d 778, 781–82 (8th Cir. 2009))).

25. In fact, Plaintiff expressly alleges that the amount in controversy exceeds $5,000,000. (Pet. ¶ 13 ("the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.").)

26. Thus, the amount in controversy for the class as a whole, including actual damages and attorneys' fees, may arguably exceed the CAFA jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d).

### III. Compliance with Procedural Requirements

27. Pursuant to 28 U.S.C. § 1441(a), removal of the State Court Action is proper in the United States District Court for the Western District of Missouri because the county from which the State Court Civil Action is being removed sits within the Western District. In fact, the Petition states that venue is proper in this Court. (Pet. ¶ 14 ("Venue is proper in the Western District of Missouri . . . .").)

28. Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Sixteenth Judicial Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

29. Defendant reserves the right to assert all defenses, objections, and counterclaims to the Petition.

WHEREFORE, Defendant QRS prays that the above-described action now pending in the Sixteenth Judicial Circuit Court of Jackson County, Missouri, be removed to this Court.

Dated: January 31, 2022

                                                  Respectfully submitted,

                                        POLSINELLI PC

By:   */s/ Mark A. Olthoff*
       MARK A. OLTHOFF, #38572
       CATE GREEN, #69441
       900 W. 48th Place, Suite 900
       Kansas City, MO 64112
       Telephone: (816) 753-1000
       Fax: (816) 753-1536
       molthoff@polsinelli.com
       cgreen@polsinelli.com

       **ATTORNEYS FOR DEFENDANT QRS, INC.**

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 31, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I further certify that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, on the following:


Maureen M. Brady
Lucy McShane
McShane & Brady, LLC
1656 Washington St., Suite 120
Kansas City, MO 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com
*Attorneys for Plaintiff*

               */s/ Mark A. Olthoff*
               **ATTORNEYS FOR DEFENDANT QRS, INC.**